IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| H.B., by and through PATRICIA F., as her parent and legal guardian, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PITTSBURGH PUBLIC SCHOOLS, THE CHILDRENS' INSTITUTE OF PITTSBURGH, PAUL K. BROWN, INC., t/d/b/a PROFESSIONAL LIMOUSINE SERVICE, and LAVALLE TUCKER, individually, | ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, H.B., by and through her parent and legal guardian, PATRICIA F., and her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

PARTIES

5. Plaintiff, H.B., resides in Allegheny County and is represented by and through her parent and legal guardian, Patricia F. At all times relevant to this Complaint, Plaintiff was a minor child under the age of eighteen (18).

6. Defendant, Pittsburgh Public Schools ("PPS"), is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 341 S. Bellefield Avenue, Pittsburgh, Pennsylvania 15213.

7. Defendant, The Children's Institute ("Institute"), is a non-profit organization, society or association with a registered address of 1405 Shady Avenue, Pittsburgh, Pennsylvania 15217. At all times relevant to this Complaint, Plaintiff attended special education classes at, and received support services from, Defendant Institute's Day School.

8. Defendant, Paul K. Brown, Inc., t/d/b/a Professional Limousine Service ("PLS"), is a corporation with a registered address of 6345 Glenview Place, Pittsburgh, Pennsylvania, 15206. At all times relevant to this Complaint, Defendant PPS maintained a contract with Defendant PLS for pupil transportation services to and from various facilities within Defendant PPS' district.

9. Defendant, Lavalle Tucker ("Tucker"), is a an adult individual currently incarcerated in Mercer County Jail, located at 55 Thompson Road, Mercer, Pennsylvania, 16137. At all times relevant to this Complaint, Defendant Tucker was employed by Defendant PLS as a bus driver.

10.     At all times relevant hereto, Defendants PPS, Institute and PLS were acting by and through their agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

## FACTUAL ALLEGATIONS

11.     Plaintiff suffers from a rare genetic disorder identified as cri du chat syndrome.  As a result of her condition, Plaintiff is severely disabled, both physically and intellectually.

12.     Plaintiff is generally unable to communicate with others without the use of technological assistance in the form of a specially formatted iPad.

13.     Since in or about 2009, Plaintiff has attended Defendant Institute's Day School as a student.

14.     Defendant Institute's Day School is an approved private school ("APS") that provides special education services to students with complex disabilities.  Defendant Institute's students attend its programs with the knowledge of and/or assistance from their home school districts, in accordance with state and federal law.

15.     As part of her curriculum at Defendant Institute, Plaintiff is enrolled in an individualized education program ("IEP") designed to meet her specific needs as a disabled student.  Plaintiff's IEP is implemented and managed by members of Defendant Institute's staff, as well as a representative from Plaintiff's home district, Defendant PPS.

16.     At all times relevant to this Complaint, and in accordance with Defendant PPS' statutory obligations, Plaintiff was transported to and from her classes at Defendant Institute by an agent of Defendant PLS, including, but not limited to, Defendant Tucker.

17.      In or about September of 2017, Defendant Tucker was assigned as Plaintiff's bus driver

for the 2017-2018 school year.  At that time, Defendant Tucker had been employed by Defendant PLS for approximately eighteen (18) years.

18.     In his capacity as an agent of Defendant PLS, Defendant Tucker transported both the Plaintiff and one (1) other severely disabled student, J.B., to and from their classes at Defendant Institute on a daily basis.  Like the Plaintiff, J.B. is generally unable to communicate with others because of his disability.

19.     Pursuant to Defendant Institute's policies and procedures, after collecting the Plaintiff and J.B. from their respective homes at the designated pick-up times, Defendant Tucker transported the Plaintiff and J.B. to Defendant Institute, where they were required to remain in Defendant PLS' vehicle for approximately thirty (30) minutes until the official school day began.

20.     From in or about September of 2017 to in or about December of 2017, Plaintiff's parent and legal guardian, Patricia F., made several complaints to representatives of Defendant Institute which included, but were not limited to, identifying safety issues created and/or compounded by Defendant Institute's drop-off policy and/or procedure.

21.     Defendant Institute failed to take any action, remedial or otherwise, in response to Patricia F.'s complaints regarding Plaintiff's safety during transportation to and from Defendant Institute.

22.     On or about November 17, 2017, J.B. grabbed Plaintiff's glasses and threw them towards the back of the bus.  Plaintiff believes, and therefore avers, that J.B. is prone to emotionally and/or physically violent outbursts as a direct result of his disability.

23.     Defendant Tucker was not accompanied by an aid when transporting the Plaintiff and J.B., nor was the bus assigned to Plaintiff's route equipped with any video surveillance equipment of any kind.

24. In response to the incident described hereinbefore above, Plaintiff's parent and legal guardian, Patricia F., made several complaints to representatives of both Defendant PLS and Defendant Institute which included, but were not limited to, identifying safety issues created and/or compounded by the lack of an aid worker assigned to Plaintiff's route.

25. Defendant Institute and Defendant PLS, and each of them, failed to take any action, remedial or otherwise, in response to Patricia F.'s complaints regarding Plaintiff's safety during transportation to and from Defendant Institute.

26. After the conclusion of Plaintiff's regular school day, Defendant Tucker normally returned Plaintiff to her residence at approximately 3:15 p.m.

27. However, on or about December 6, 2017, Defendant Tucker informed the Plaintiff's home aid, Ms. Elizabeth Nowell ("Nowell"), that he would be returning the Plaintiff to her residence later than usual on December 7, 2017 as the result of an additional minor passenger assigned to his route on that date.

28. The following day, December 7, 2017, at approximately 4:30 p.m., Patricia F. called Ms. Nowell and informed Ms. Nowell that she had been notified by an agent of Defendant PLS that Plaintiff's bus was stopped somewhere along Washington Boulevard in Pittsburgh, Pennsylvania, allegedly as a result of actions taken by J.B.

29. Plaintiff's normal bus route does not include Washington Boulevard.

30. Thereafter, Ms. Nowell traveled to Washington Boulevard to collect the Plaintiff. Upon her arrival, Ms. Nowell was able to observe the following:

    a. Defendant PLS' vehicle was parked in an isolated lot, away from any residential and/or commercial properties;

    b. Plaintiff and J.B. were the only students present on the bus;

  c. Defendant PLS' vehicle was equipped with only two (2) seats for passengers and was therefore unable to accommodate a third student; and

  d. Plaintiff was crying hysterically, breathing erratically and exhibiting other signs of extreme emotional distress.

31. Ms. Nowell is trained in psychology, sociology and applied behavior analysis. As a result of her specialized training and her particular knowledge of the Plaintiff's personal behaviors, Ms. Nowell concluded that the Plaintiff's behavior, as described hereinbefore above, was extraordinary and was prompted by a traumatic event.

32. After this incident, Defendant Tucker continued to return the Plaintiff to her residence after the designated 3:15 p.m. drop-off time.

33. In response to the incidents described hereinbefore above, Patricia F., made several complaints to representatives of Defendants PPS, PLS and Institute which included, but were not limited to, identifying safety issues created and/or compounded by Plaintiff's late drop-offs.

34. Defendant Institute and Defendant PLS, and each of them, failed to take any action, remedial or otherwise, in response to Patricia F.'s complaints regarding Plaintiff's safety during transportation to and from Defendant Institute.

35. On or about December 12, 2017, approximately four (4) days after the events described hereinbefore above, Plaintiff's parent and legal guardian, Patricia F., met with members of Defendant Institute's staff, as well as a representative from Defendant PPS, to discuss the implementation and management of Plaintiff's IEP.

36. At that meeting, Patricia F. again complained of safety issues related to Plaintiff's transportation to and from Defendant Institute.

37. Defendant Institute and Defendant PPS, and each of them, failed to take any action,

6

remedial or otherwise, in response to Patricia F.'s complaints regarding Plaintiff's safety during transportation to and from Defendant Institute.

38. On or about the morning of December 19, 2019, Defendant Tucker engaged in unlawful behavior with the Plaintiff through inappropriate and indecent touching and physical contact.

39. On that date, Defendant Tucker transported the Plaintiff to Defendant Institute for her regularly scheduled classes.

40. At approximately 8:52 a.m., an eyewitness, Ms. Alexis Galanter ("Galanter") observed Plaintiff's bus, marked with Defendant PLS' insignia, parked on Dennison Street near the rear entry of Defendant Institute.

41. At that time, Defendant PLS's van was not located at the designated drop-off point for Defendant Institute's students.

42. As she approached the vehicle, Ms. Galanter clearly observed Defendant Tucker touching the Plaintiff in a sexual manner.

43. Defendant Tucker's conduct, as described hereinbefore above, was unwanted, intentional and offensive to the Plaintiff.

44. Plaintiff believes, and therefore avers, that the location described hereinbefore above is monitored and clearly observable by video surveillance equipment operated and maintained by Defendant Institute.

45. Defendant Institute's staff had a duty to monitor the location described hereinbefore above to protect, supervise and ensure the safety of its students. Defendant Institute failed in that duty.

46. As a direct result of his conduct, as described hereinbefore above, Defendant Tucker was

arrested and charged with various crimes, ranging in severity from misdemeanors of the first degree to felonies of the second degree, all related to his inappropriate and unlawful conduct toward the Plaintiff, as described more fully hereinbefore above.

47. On or about May 8, 2019, Defendant Tucker pled guilty to violating 18 Pa. C.S. § 3126(A)(6), 18 Pa. C.S. § 3126(A)(2), 18 Pa. C.S. § 6301(A)(1)(i) and 18 Pa. C.S. § 4304(A)(1), that is, indecent assault of a person with mental disabilities, indecent assault through forcible compulsion, corruption of minors and endangering the welfare of children, students and employees.

48. Despite Patricia F.'s numerous complaints over the course of several months, Defendants PPS, PLS and Institute remained deliberately indifferent to Plaintiff's safety during transportation to and from Defendant Institute.

49. The failure of Defendants PPS, PLS and Institute to take action regarding Patricia F.'s complaints, despite their actual knowledge of safety issues presented during Plaintiff's trips to and from Defendant Institute, created the opportunity for injury and harm to the Plaintiff, as described hereinbefore above, that would not have existed but for the failures of Defendants PPS, PLS and Institute.

COUNT I:

PLAINTIFF V. DEFENDANTS PPS and PLS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>DUE PROCESS</u>

50. Plaintiff incorporates by reference Paragraphs 1 through 49 as though fully set forth at length herein.

51.     Defendants PPS and PLS, and each of them, owed a duty to the minor Plaintiff to protect her from harm.

52.     Defendants PPS and PLS, and each of them, failed in that duty. Plaintiff believes, and therefore avers, that Defendants PPS and PLS, and each of them, had actual knowledge, through Patricia F.'s numerous complaints regarding Plaintiff's safety, of the safety issues presented during Plaintiff's trips to and from Defendant Institute.

53.     Plaintiff believes, and therefore avers, that Defendants PPS and PLS, and each of them, knew of the strong likelihood that Plaintiff would suffer harm if Patricia F.'s complaints were ignored.

54.     In failing to act as described hereinbefore above, Defendants PPS and PLS, and each of them, exposed the Plaintiff to foreseeable harm and thereby willfully disregarded the safety of the Plaintiff. The failure to act appropriately exposed the Plaintiff to an assault by Defendant Tucker.

55.     Furthermore, Plaintiff believes, and therefore avers, that Defendants PPS and PLS, and each of them, facilitated the attack by failing to properly supervise Defendant Tucker.

56.     The failure of Defendants PPS and PLS, and each of them, to take action regarding Patricia F.'s complaints, despite their actual knowledge of safety issues presented during Plaintiff's trips to and from Defendant Institute, created the opportunity for injury and harm to the Plaintiff, as described hereinbefore above, that would not have existed but for the failures of Defendants PPS and PLS.

57.     Defendants' failure to act constitutes a willful disregard and a deliberate indifference to the rights of the Plaintiff. In doing so, Defendants PPS and PLS, and each of them, failed in their affirmative duty to protect the Plaintiff from dangerous situations.

58.      As a direct and proximate result of the acts described hereinbefore above, perpetrated by Defendants PPS and PLS, and each of them, Plaintiff suffered the following injuries and damages:

    a.    violation of her constitutional rights under 42 U.S.C. § 1983 and the Fourteenth Amendment;

    b.    severe emotional distress, shock, horror, fright and psychological trauma;

    c.    economic damages related to any and all medical, legal, and/or other consequential costs; and

    d.    such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants PPS and PLS, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF V. DEFENDANT PPS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>MUNICIPAL LIABILITY</u>

59.      Plaintiff incorporates by reference Paragraphs 1 through 58 as though fully set forth at length herein.

60. Plaintiff claims damages for injuries set forth herein under § 1983 against Defendants PPS and PLS for violation of Plaintiff's constitutional rights under color of law.

61. As aforementioned, the conduct of Defendants PPS and PLS in this matter has caused the Plaintiff injuries and damages, as set forth more fully hereinbefore above.

62. The failures of Defendants PPS and PLS, as set forth more fully hereinbefore above, demonstrates a failure by Defendant PPS to properly train, supervise, control and discipline their employees and a failure by Defendant PPS to adhere to the proper methods and procedures by which to protect Plaintiff from the dangerous conditions that resulted in Plaintiff's injures and damages.

63. The failure of the Defendant PPS to properly train, supervise, control and discipline their employees created a substantial risk of the constitutional violations identified herein.

64. As a direct and proximate result of the acts described hereinbefore above, perpetrated by Defendant PPS, Plaintiff suffered the following injuries and damages:

   a. violation of her constitutional rights under 42 U.S.C. § 1983 and the Fourteenth Amendment;

   b. severe emotional distress, shock, horror, fright and psychological trauma;

   c. economic damages related to any and all medical, legal, and/or other consequential costs; and

   d. such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant PPS, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as

permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF V. DEFENDANTS INSTITUTE AND PLS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>NEGLIGENCE</u>

65.     Plaintiff incorporates by reference Paragraphs 1 through 64 as though fully set forth at length herein.

66.     Defendants Institute and PLS, and each of them, had a duty to protect the Plaintiff from harm while she was in their care, custody and control.

67.     As a direct result of the the failures of Defendants Institute and PLS, and each of them, to protect the Plaintiff from harm, as more fully described hereinbefore above, Plaintiff was assaulted, as more fully set forth hereinbefore above.

68.     As a direct and proximate result of the acts described hereinbefore above, perpetrated by Defendants Institute and PLS, and each of them, Plaintiff suffered the following injuries and damages:

      a.     violation of her rights under Pennsylvania Common Law;

      b.     severe emotional distress, shock, horror, fright and psychological trauma;

      c.     economic damages related to any and all medical, legal, and/or other consequential costs; and

      d.     such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Institute and PLS, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANTS TUCKER AND PLS

ASSAULT AND BATTERY

69.     Plaintiff incorporates by reference Paragraphs 1 through 68 as though fully set forth at length herein.

70.     Pursuant to Pennsylvania Common Law, Plaintiff had the right to be free from unwanted, harmful and offensive contact.

71.     As described hereinbefore above, Defendant Tucker unlawfully assaulted Plaintiff through unwanted touching and physical contact during the time in which he was employed by Defendant PLS as Plaintiff's bus driver.

72.     Defendant Tucker knew or should have known that such contact was not permitted and that Plaintiff did not consent to any such intentional contact.

73.     Plaintiff was harmed and offended by that contact.

74.     Defendant Tucker's actions were willful, deliberate and done with a reckless disregard for Plaintiff's rights with the intent and purpose to injure and/or damage the Plaintiff's well-being, thereby subjecting Defendant Tucker to punitive damages.

75. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant Tucker, in his capacity as an employee of Defendant PLS, Plaintiff suffered the following injuries and damages:

    a. violation of her rights under Pennsylvania Common Law;

    b. severe emotional distress, shock, horror, fright and psychological trauma;

    c. economic damages related to any and all medical, legal, and/or other consequential costs; and

    d. such other damages as may become apparent through the discovery process.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendants Tucker and PLS, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANTS TUCKER AND PLS

42 Pa.C.S.A. § 5533(b)(1)

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

76. Plaintiff incorporates by reference Paragraphs 1 through 75 as though fully set forth at length herein.

77. Pursuant to Pennsylvania Common Law, Plaintiff had the right to be free from intentional outrageous conduct that is the cause of severe emotional distress.

78. As described hereinbefore above, Defendant Tucker unlawfully assaulted Plaintiff through unwanted touching and physical contact during the time in which he was employed by Defendant PLS as Plaintiff's bus driver.

79. The willful misconduct of Defendant Tucker, in intentionally physically assaulting Plaintiff, was extreme and outrageous conduct. As a direct and proximate result of said conduct, Plaintiff suffered, and continues to suffer, severe emotional distress and physical injury.

80. As a direct and proximate result of Defendant Tucker's intentional conduct, the Plaintiff suffered, and will continue to suffer, for an indefinite period into the future, mental anguish, emotional distress and physical injury, including, but not limited to, psychological problems, embarrassment and humiliation to the extent that her general health and vitality are impaired and may continue to be impaired for an indefinite time into the future.

81. Defendant Tucker's actions were willful, deliberate and done with a reckless disregard for Plaintiff's rights with the intent and purpose to injure and/or damage the Plaintiff's well-being, thereby subjecting Defendant Tucker to punitive damages.

76. As a direct and proximate result of the acts mentioned hereinbefore above perpetrated by Defendant Tucker, in his capacity as an employee of Defendant PLS, Plaintiff suffered the following injuries and damages:

      a. violation of her rights under Pennsylvania Common Law;

      b. severe emotional distress, shock, horror, fright and psychological trauma;

      c. economic damages related to any and all medical, legal, and/or other consequential costs; and

      d. such other damages as may become apparent through the discovery process.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendants Tucker and PLS, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

      JURY TRIAL DEMANDED

      Respectfully submitted,

      LAW OFFICES OF JOEL SANSONE

      s/ Joel S. Sansone
      Joel S. Sansone, Esquire
      PA ID No. 41008
      Massimo A. Terzigni, Esquire
      PA ID No. 317165
      Elizabeth A. Tuttle, Esquire
      PA ID No. 322888
      *Counsel for Plaintiff*

      Law Offices of Joel Sansone
      Two Gateway Center, Suite 1290
      603 Stanwix Street
      Pittsburgh, Pennsylvania 15222
      412.281.9194

Dated: October 16, 2019